**UNITED STATES of America, Appellee—Cross–Appellant,**

v.

**Vincent SICURELLA, also known as "Jimmy," Defendant—Appellant—Cross–Appellee.**

Nos. 02–1385(L), 02–1443(XAP).

United States Court of Appeals, Second Circuit.

April 2, 2003.

Anthony Bruce, U.S. Attorney's Office, Western District of New York, Buffalo, NY, for Appellee–Cross Appellant.

John J. Molloy, Law Office of John J. Molloy, West Seneca, NY, for Defendant–Appellant–Cross Appellee.

PRESENT: FEINBERG, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2nd day of April, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED in part, and VACATED and REMANDED in part.

Defendant-appellant-cross-appellee Vincent Sicurella appeals from a judgment of conviction entered June 21, 2002 in the United States District Court for the Western District of New York (John T. Elfvin, *Judge*), following a jury trial at which Sicurella was convicted of using extortionate means to collect an extension of credit in violation of 18 U.S.C. § 894. Sicurella maintains on appeal that the evidence was insufficient to support his conviction, that the district court abused its discretion in refusing to investigate potential juror misconduct, and that the district court abused its discretion in not admitting certain evidence on his behalf. The United States cross-appeals one aspect of the sentence, alleging the district court abused its discretion in failing to apply a specific offense characteristic for Sicurella's possession of

a dangerous weapon during the commission of a crime that, if imposed, would have resulted in a three-point increase on Sicurella's base offense level.

Reviewing claims of insufficiency of evidence de novo, *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000), we consider all evidence "in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government," *United States v. Velasquez*, 271 F.3d 364, 370 (2d Cir.2001). In light of what we perceive to be overwhelming proof of guilt, we are quite certain that *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Sicurella argues there was insufficient evidence on which a jury could conclude that he made threats of violence in connection with collection of the debt. Sicurella further argues that mere threats of economic harm, standing alone, cannot establish a violation of 18 U.S.C. § 894. Because we conclude that there was ample evidence from which the jury could have found that Sicurella made threats of violence in connection with his attempt to collect a debt, we need not reach his argument that threats of economic harm alone cannot establish a § 894 violation.

■ Sicurella's challenge to the district court's failure to investigate potential juror misconduct fails as well. "The decision to investigate jury misconduct allegations rests within the sound discretion of the district court." *United States v. Rosario*, 111 F.3d 293, 299 (2d Cir.1997). In this case, we recognize that the district court took no action to investigate the allegations to ensure that no taint occurred. Nor did it provide a cautionary instruction to ensure any taint that might have occurred did not operate to muddy the entire jury pool. On the other hand, there is no evidence in the record to show that any actual taint did occur. Failure by the court to inquire further is troubling, but defense counsel failed to timely demand a mistrial or new trial—the only viable relief available to Sicurella at this point—resulting in waiver of the issue. *See United States v. Blume*, 967 F.2d 45, 48 (2d Cir. 1992). Accordingly, we are without authority to review this claim or award any relief on appeal. *See United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (waiver permanently extinguishes the right to raise claim on appeal). Even if counsel's failure to object or demand a mistrial constituted forfeiture rather than waiver, thereby permitting limited appellate review, *see id.* at 731, 113 S.Ct. 1770, we conclude the district court's inaction is not likely to have affected Sicurella's substantial rights in light of the overwhelming proof of guilt in this case, *see id.* at 734, 113 S.Ct. 1770. Accordingly, we find no plain error.

Sicurella's challenge to the district court's evidentiary ruling fares no better. Even if the district court erred by excluding the defense's documentary evidence, and even assuming that the evidence was relevant and probative other than to impeach a government witness, the error was harmless in light of overwhelming proof of guilt. *See United States v. Tropeano*, 252 F.3d 653, 659 (2d Cir.2001) ("harmless error analysis applies to evidentiary errors. . . .")

■ Finally, we turn to the government's cross appeal. Despite the great deference afforded district courts in sentencing, *see United States v. Ahmad*, 202 F.3d 588, 590 (2d Cir.2000), and the broad, fact-finding discretion during sentencing, *United States v. Pico*, 2 F.3d 472, 475 (2d Cir.1993), this deference and discretion are not unlimited. It is axiomatic that a sentencing court must make some factual findings, "with sufficient clarity to permit

appellate review." *United States v. Gambino,* 106 F.3d 1105, 1111 (2d Cir.1997). In this case, the district court made no factual findings in connection with its denial of the government's request for a three-point increase under U.S.S.G. § 2E2.1(b)(1)(C). Unable to discern whether and to what extent the district court might have relied upon either incorrect legal principles or erroneous factual considerations, we must vacate and remand for findings and resentencing.

For the reasons stated above, the judgment of the district court is AFFIRMED in part, and VACATED and REMANDED in part.